### WARREN v. SHEEHAN.

1. ESTATES OF DECEDENTS—CLAIMS—ALLOWANCE.

Proof of the allowance by the commissioners of a claim against the estate of a decedent prima facie establishes its validity; and where, under a decree of this court allowing defendants to show the invalidity of a claim which had been so allowed and no appeal taken, the evidence on behalf of a contestant is insufficient to prove its invalidity, the award will be sustained.

2. SAME.

An attorney's fee of $50 per day for attendance in court and a charge of $25 for settling a decree are not, under the evidence, so clearly excessive as to warrant the setting aside of an award of the commissioners.

3. JUDGMENTS — LIQUIDATED ACCOUNTS — INTEREST — HOW COMPUTED.

The establishment of an amount due to an attorney for services rendered a client, by a decree giving him a prior lien upon land for its payment, liquidates the account and precludes an enlargement of the decree by adding interest.

Cross-appeals from Wayne; Mandell, J. Submitted February 15, 1909. (Docket No. 114.) Decided April 24, 1909.

Petition by Fred H. Warren against Robert C. Sheehan and John L. Murphy for the payment of an award by the commissioner of a claim against the estate of Calvin A.

Cook, deceased. From the decree entered, both parties appeal. Modified.

*Fred H. Warren* (*Howard B. Bloomer*, of counsel), in pro. per.

*Thomas G. Long* and *Walter & Spalding*, for contestants.

OSTRANDER, J. In addition to a history of transactions and of litigation, to be found in the opinions of this court in *Farwell* v. *Bigelow*, 112 Mich. 285, *Sheehan* v. *Farwell*, 135 Mich. 196, and *Bigelow* v. *Sheehan*, 150 Mich. 507, it should be stated that the demand of claimant, Fred H. Warren, against the estate of Calvin A. Cook, deceased, was duly allowed by commissioners May 19, 1903, at the sum of $743.12, and no appeal from such determination was taken. The decree of this court in *Bigelow* v. *Sheehan*, supra, following *Seymour* v. *Wallace*, 121 Mich. 402, and *Chapoton* v. *Prentice*, 144 Mich. 283, permitted defendants Robert C. Sheehan et al. to show, if they could, the invalidity of claimant's demand. Accordingly, in the circuit court for the county of Wayne, in chancery, said defendants undertook to diminish the amount of said demand so proved and allowed before said commissioners on claims. From a finding and decree of the said court, both parties have appealed.

Under the authorities above referred to, claimant's demand, for the purposes of this proceeding, was established, prima facie, by proof that it had been duly allowed by the commissioners on claims. As presented, it was an itemized statement from books of account of charges for professional services rendered to, and for money paid for, Cook. The court disallowed none of the items of the account, but by a method of computing interest, approved by neither of the parties, found the sum due to be $892.82. The account is questioned in three particulars.

1. It appears that at one time Mr. Cook secured the

claimant payment for services rendered and to be rendered by deeds of land in Canada; Mr. Warren executing a proper defeasance. Afterwards a bill was filed by a secured creditor (Farwell) to reform his mortgage, previously given by Cook, so as to embrace said land. Cook and Warren were made parties defendant and were represented by the same counsel. The result was a decree reforming the mortgage but saving the lien of Warren, the amount of which lien was made certain. Some years later the amount of the lien was paid. Out of the money Canadian counsel reimbursed themselves, paid certain costs, and turned over the remainder to Warren, who credited the balance so received to the account of Cook. He charged Cook with the moneys so retained by Canadian counsel, amounting to $189.78. It is contended that Cook was under no obligation to bear the expense of sustaining the lien of claimant, in the absence of an express agreement, and that no express agreement is shown except by the testimony of claimant, which may not be received for that purpose. The contention may be answered by saying that the facts do not support the conclusion that Cook was not interested in the suit brought to reform the mortgage. The consideration recited in the deeds from Cook to Warren is $4,500. Warren's lien, established by the decree, is for the sum of $635.74. Warren's agreement with Cook was to reconvey the land to him on payment of his (Warren's) charges. Evidently the principal relief sought by Farwell was the subjecting of the land to the lien and operation of his mortgage. As we understand the record, there was no contest over the matter of the priority of Warren's lien. Independent of the testimony of Mr. Warren, who was called as a witness for contestants, the invalidity of these items as proper demands of Warren against Cook is not made out. With his testimony it appears that the money was paid for Mr. Cook at his direction.

2. The account contains a charge for four days' services of Mr. Warren at $50 per day and a charge of $25 for

settling a decree.   It appears from his testimony that the
services consisted in attendance at court at the hearing of
*Farwell* v. *Bigelow*, and in examining the decree proposed
and entered in that cause.   He took no part in the hear-
ing.   His client made no substantial defense.   It is said
the charges are excessive and should be reduced.   Mr.
Warren, interrogated in behalf of contestants, testified,
without objection, that he spent the time in court at the
direction of Cook.   Examined upon the subject of his
manner of fixing charges for his services, and having re-
plied to various questions in that behalf, he was asked:

"*Q*. Do you base your professional charges for attend-
ance in a noncontested case solely upon the time that you
spend ?
"*A*. Not always.
"*Q*. Did you in this case ?
"*A*. I based my charge upon the understanding with
Mr. Cook, not only in this case, but all the other work
that I did for him.   He was entirely satisfied and agreed
to and many times promised to pay it."

We are asked to find that a charge of $50 a day for at-
tendance in court and watching the progress of litigation
of considerable magnitude, in the result of which a client
is greatly interested, is an excessive charge for the at-
torney to make.   Like the other items which have been
referred to, the demand has once been established, in ac-
cordance with the law, against the estate of Cook.   We
cannot say that these charges, including the one for ex-
amining the decree, are so clearly excessive as to warrant
disturbing the award of the commissioners.

3. In the statement of account presented to the com-
missioners is a debit item of $63.84 for interest which
appears between charges of date October 4 and October 9,
1894.   At the end of the statement are two interest items
of $115.80 and $118.68, respectively.   The total of these
items, or $298.32, goes to make up the sum of $743.12
allowed by the commissioners.   There is no proof of an
express general agreement to pay interest.   All items of

the account to and including October 10, 1895, were merged in the decree of the Canadian court. That decree, with a few dollars added, was paid September 20, 1898. Why a larger sum was not collected we are not informed. We assume it was because the demand was established as a prior, fixed lien upon the land; but it is clear that after the date of the decree there was no longer an open account with respect to the items included in the decree. The amount then due and payable could not be afterwards enlarged by adding interest. The account was liquidated. Afterwards and beginning October 22, 1895, and ending December 22, 1898, the charges made against Cook, including the sums retained by Canadian counsel, amount to $517.28. Mr. Cook died in June, 1902. The question presented is the one of the proper rule for computing interest. It is clear that we must begin with the amount of the Canadian decree. It may be and should be treated as a liquidated demand, due and payable presently. No authority is presented for allowing interest upon the open account prior to the death of Mr. Cook, except upon the item of $189.78 representing moneys paid by claimant for Cook. We find therefore that the amount allowed by the commissioners is too great. The sum claimant is entitled to receive out of the fund, subject to a pro rata payment of expenses of administration, is shown by the following computation:

The lien established on Canadian lands_____$635 74
Interest, 2 years, 10 months, 26 days, at 6 per cent.. 110 83

                                                  $746 57
Received on account of lien_____ 644 38

    Balance_____$102 19
Open account _____ 517 28
Interest upon $189.78 from September 20, 1898, to
    May 19, 1903, 4 years, 7 months, 29 days, at 6 per
    cent._____ 53 11

Total of claim which should have been allowed by
    commissioners_____$672 58

Interest upon this amount at 5 per cent. from May
19, 1903, to date of decree below, August 6, 1908,
5 years, 2 months, 17 days _____ ____ _____ _____$175 84

     Total_____$847 92

The decree will be modified accordingly. No costs are
awarded. The cost of printing the record will be divided
equally between the appealing parties.

Hooker, Moore, McAlvay, and Brooke, JJ., con-
curred.